ORDER

PHILIP H. VILES, JR., Chief Justice.
Jurisdiction of the Judicial Appeals Tribunal springs from two sources: the Cherokee Constitution and Cherokee Nation Code Annotated. Since gaming was not contemplated in the Constitution, statutory procedure, especially time limits, must be followed in appeals of Gaming Commission decisions. Article 4 Section 19 of the Cherokee Nation Code Annotated states that while the Judicial Appeals Tribunal has exclusive jurisdiction to hear these appeals, a notice of appeal must be filed with the Commission within 30 days after a final decision of the Gaming Commission and a copy served to the Nation. The Commission then files the record of the proceeding, including notice of appeal, with the JAT. The statute does not allow that a petition for appeal be filed directly to the Judicial Appeals Tribunal. Thus, Appellants did not follow the required statutory procedure.
Further, Appellants state in their Motion to Allow Appeal to be Filed Out of Time that the Gaming Commission gave their attorney “an incorrect address” for the JAT, which he relied upon when directly submitting his petition. He should instead have relied upon his records, having practiced in front of the Judicial Appeals Tribunal for years. If this Court required filing fees, Appellants’ attorney might have filed this Petition in person, thereby avoiding some of this confusion.
For these reasons, the Motion To Allow Appeal To Be Filed Out Of Time is DENIED.